**Ron RIDLEY, Appellee,**

v.

**Kenneth HARRISON and Jewell D. Harrison, Appellants.**

**No. 66082.**

Court of Appeals of Oklahoma, Division No. 4.

Oct. 27, 1987.

Rehearing Denied Nov. 23, 1987.

Certiorari Denied Feb. 18, 1988.

Larry Jay McMains, Gipson, Johnston, McMains & Martin, Seminole, for appellee.

Richard E. Butner, Butner & Butner, Inc., Wewoka, for appellants.

RAPP, Judge.

Trial court defendants, Kenneth and Jewell Harrison, appeal the trial court's refusal to grant their motion for new trial. We, after review, reverse and remand.

I

Trial court plaintiff, Ron Ridley, brought suit against the Harrisons to recover balance due on a contract for the building of the Harrisons' house. The Harrisons tendered $17,114 to Ridley as part of their answer, and also pleaded as a defense to Ridley's claim for extra work their lack of execution of any contract change order or

its approval by the FHA, which was a requirement of the building contract. The jury entered judgment in favor of Ridley after a two-day trial.

The court, on the first day of a two-day trial, took a recess to conduct a criminal arraignment. During this recess, Ridley offered four hunting dogs to two jurors in the presence of two other jurors and two observers. One of the jurors understood that the dogs would be given to him if he (the juror) wanted them and acknowledged a good bird dog was "pretty costly." One of the witnesses to Ridley's gift offer was the Harrisons' daughter, who reported these events to her father.

The parties returned to the courtroom after the gift offer and, on completion of the trial, a verdict was returned in favor of the plaintiff. The defendants thereafter filed a "Motion to Dismiss Motion for New Trial," alleging eight points of error, only one of which is pursued in this appeal, i.e., "improper conduct and illegal conduct with regards to the jury"—a complaint founded on 12 O.S.1981 § 651.

The daughter, at the hearing on the motion for new trial, testified to her observations of Ridley's actions and also stated he told her and the jurors, without any other person mentioning the word "bribe," "Oh, I'm not trying to bribe you or anything now." She stated she did not know if Ridley was really trying to bribe the jurors or not but she did believe "he was trying to sway them to see his side, and to think he was a nice old boy ..."

## II

The Harrisons at the motion hearing established Ridley attempted in his recess conversation to sway two jurors by offering them a gift of bird dogs—an offer recognized as such by at least one of the jurors. It was also recognized by the trial court itself when it stated during argument of counsel on the motion, "Well, I don't approve of him being out there in the foyer offering a bird dog."

We find the error complained of and here demonstrated to be of a fundamental nature, striking directly at the very concept of a fair and impartial trial. As the court observed in *U.S. v. Chapman*, 158 F.2d 417 (10th Cir.1946):

Like other suitors, the Government is entitled to a fair and impartial trial before a jury of 12 impartial and unbiased jurors. Impartiality in the sense that we use it is not a technical conception. It is a state of mind or mental attitude, for the determination of which there is no fixed formula.... Whether a juror is prejudiced or partial in the sense that one of the parties is denied a fair and impartial trial, is not a procedural matter to be determined by statutory construction. It is one of vital substantive law under the Constitution, to be resolved according to the highest standards of human conduct. It is a question first addressed to the good sense of the trial judge, subject to review under the supervisory power inherent in appellate jurisdiction.

*Id.* at 419 (citations omitted).

We further find that the complained-of error by the prevailing party attacked the very credibility and sanctity of the jury's work product—its verdict. While we do not here know of any criminal prosecution, we are aware that when the issue was raised at the hearing, defendant's counsel was told by the court, "Well, you need the District Attorney to file charges on that." It was to prevent such serious assaults on the administration of justice that the criminal statutes, 21 O.S.1981 §§ 383 and 388, were enacted.[1] The remedy in a civil action is to grant a new trial. We find the trial court erred in failing to grant one.

---

1. Title 21 O.S.1981 § 383 states in part:
   **§ 383. Bribing Jurors, referees, etc.**
   Every person who gives or offers to give a bribe to any ... juror ... is punishable by imprisonment in the penitentiary not exceeding ten (10) years....

while § 388 includes the following:
   **§ 388. Attempt to influence Jurors.**
   Every person who attempts to influence a juror ... is guilty of a misdemeanor.

## III

The judgment of the trial court is reversed and the matter is remanded for new trial with instructions for the trial court to assess the cost of this appeal to the appellee.

BRIGHTMIRE, P.J., and STUBBLEFIELD, J., concur.